**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JOHN DOOLITTLE (#109680)** | **CIVIL ACTION NO.** |
| **VERSUS** | **21-167-SDD-SDJ** |
| **DERREL VANNOY, ET AL.** | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on May 3, 2022.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOHN DOOLITTLE (#109680)** | **CIVIL ACTION NO.** |
| **VERSUS** | **21-167-SDD-SDJ** |
| **DERREL VANNOY, ET AL.** | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner John Doolittle, who is representing himself and is confined at the Louisiana State Penitentiary in Angola, Louisiana, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the following reasons, the petition should be dismissed without prejudice.

**I.    Background**

Doolittle instituted this action against Derrel Vannoy, James LeBlanc, and Jeff Landry, alleging that his placement in segregated/solitary confinement for an indefinite period violates his constitutional rights.[1] Doolittle asserts that he was involved in an aggravated fight on May 9, 2019, and was placed in administrative segregation pending a disciplinary hearing.[2] Doolittle accepted a plea deal to extended lockdown for an unspecified time period.[3] He was then re-routed to "Hawk C.C.R."[4] Doolittle filed complaints regarding his living conditions and alleges that he was transferred to C.C.R. for filing such complaints.[5] Doolittle seeks injunctive relief.[6]

**II.    Law & Analysis**

A petition for writ of habeas corpus is the appropriate means for a prisoner to challenge the fact or duration of confinement.[7] Conversely, a civil rights action is the appropriate means for

---

[1] R. Doc. 1, p. 6.
[2] R. Doc. 1-1, pp. 1-2.
[3] R. Doc. 1-1, p. 2.
[4] R. Doc. 1-1, pp. 2-3. "C.C.R." stands for closed cell restriction and is a form of segregated confinement.
[5] R. Doc. 1-1, p. 3.
[6] R. Doc. 1-1, p. 12.
[7] *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Jackson v. Johnson*, 475 F.3d 261, 263 n. 2 (5th Cir. 2007).

recovering damages resulting from illegal administrative procedures or the conditions of confinement.[8] To determine whether a prisoner must pursue habeas corpus relief rather than a civil rights action, the court must consider whether the prisoner challenges the fact or duration of his confinement, or merely the rules, customs, and procedures affecting the conditions of his confinement.[9] If "a favorable determination would not automatically entitle [the prisoner] to accelerated release," he may not utilize habeas corpus procedures and must instead vindicate his rights through a properly-filed civil rights proceeding.[10]

Doolittle's claims can be summarized as follows: a claim under the Due Process Clause of the Fourteenth Amendment arising from his continued confinement in C.C.R., a retaliation claim arising under the First Amendment because he was allegedly transferred to C.C.R. due to filing of complaints, and a claim under the Eighth Amendment regarding the conditions of his confinement.[11] These claims implicate the conditions of his confinement and other civil rights, not Doolittle's conviction or sentence. Because Doolittle's placement in C.C.R., in itself, has no effect on the duration of his confinement and success in this proceeding would not entitle him to accelerated release, the petition is not entitled to relief pursuant to 28 U.S.C. § 2241. Thus, petitioner must pursue his claims by filing a § 1983-type action.[12]

---

[8] *Richardson v. Fleming*, 651 F.2d 366, 372 (5th Cir. 1981).
[9] *Spina v. Aaron*, 821 F.2d 1126, 1128 (5th Cir. 1987).
[10] *Carson v. Johnson*, 112 F.3d 818, 820-21 (5th Cir. 1997) (quoting *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam).
[11] Doolittle also attached various requests for administrative remedies that appear to relate to other conditions of his confinement and other civil rights violations that are inappropriate for a § 2241 petition. *See* R. Doc. 1-2, pp. 2-4, 11-17.
[12] *See Estrada v. Upton*, 2010 WL 3835214 (E.D. Tex. July 28, 2010) (dismissing conditions of confinement claims brought in a § 2241 action without prejudice, noting the claims could be brought instead in a *Bivens* action, which is analogous to a § 1983 action. *See Dean v. Gladney*, 621 F.2d 1331 (5th Cir. 1980) ("The effect of Bivens was, in essence, to create a remedy against federal officers, acting under color of federal law, that was analogous to the section 1983 action against state officials.")).

Additionally, it would not further the interests of justice to construe petitioner's petition as asserting a claim pursuant to § 1983 because doing so would allow Doolittle to circumvent the filing fee requirements of the Prison Litigation Reform Act.[13]  Notably, the filing fee for a § 2241 action is only $5.00, whereas the filing fee for a § 1983 action is $350.00 plus fees, if applicable. Accordingly, Doolittle's claims should be dismissed without prejudice.  If he wishes to pursue his claims, he may do so by filing a civil rights action pursuant to § 1983 and pay the appropriate filing fee.[14]

## RECOMMENDATION

**IT IS RECOMMENDED** that this petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 be **DISMISSED WITHOUT PREJUDICE**.

## ORDER

Considering the foregoing recommendation, **IT IS ORDERED** that the Motion for Writ of Mandamus[15] filed by John Doolittle is **DENIED AS MOOT**.

Signed in Baton Rouge, Louisiana, on May 3, 2022.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[13] *See* 28 U.S.C. § 1915.
[14] The Court expresses no opinion regarding the viability of Doolittle's claims in a § 1983 action.
[15] R. Doc. 4.  If this Report and Recommendation is not adopted, the Motion may be re-urged.